UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YESSENIA DRAYTON,

    Plaintiff,

v.                                       Case No. 8:18-cv-2125-T-35SPF

AVIA PREMIER CARE, LLC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Yessenia Drayton's ("Plaintiff") request for attorney's fees and costs included in her Motion for Default Judgment (Doc. 13). Upon consideration, it is recommended that Plaintiff's request be granted in part and denied in part.

## BACKGROUND

Plaintiff brought this action under the Fair Labor Standards Act ("FLSA") against her employer, Avia Premier Care, LLC ("Defendant"), seeking unpaid minimum wages (Doc. 1). Defendant failed to file an answer or otherwise respond to the Complaint. After an entry of default by the Clerk, Plaintiff filed a Motion for Default Judgment seeking unpaid minimum wages, liquidated damages, and reasonable attorney's fees and costs (Doc. 13). On December 20, 2018, the District Judge granted in part Plaintiff's Motion for Default Judgment and directed the Clerk to enter judgment in favor of Plaintiff in the amount of $3,829.02 (Doc. 16 at 4). The Court then retained jurisdiction to consider

Plaintiff's request for attorney's fees and costs, which the Court referred to the undersigned for a Report and Recommendation. *Id*.

## DISCUSSION

Plaintiff contends that she is entitled to an award of attorney's fees under both section 216(b) of the FLSA and section 448.08 of the Florida Statutes. A party that prevails on a FLSA claim is entitled to reasonable attorney's fees and costs. *See* 29 U.S.C. § 216(b) (stating that "[t]he court in such action shall . . . allow a reasonable attorney's fee . . . and costs of the action."). Similarly, section 448.08 of the Florida Statutes states that "a prevailing party in an action for unpaid wages" may be awarded "the costs of the action and a reasonable attorney's fee." Fla. Stat. § 448.08.

As a preliminary matter, this case was brought before the Court under its federal question jurisdiction (Doc. 1 at 1). Only in a diversity case or a supplemental jurisdiction case is a federal court required to apply the substantive law of a forum state. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (stating that "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state"). Statutes allowing the recovery of attorney's fees are substantive law. *See McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001), *amended on reh'g*, 311 F.3d 1077 (11th Cir. 2002) (stating that "it is clear that statutes allowing for recovery of attorney's fees are substantive for *Erie* purposes"). Therefore, section 448.08 of the Florida Statutes is inapplicable in this case. *Cf Zunde v. Intl. Paper Co.*, No. 3:98CV439-J-20B, 2000 WL 1763843, at *2 (M.D. Fla. July 20, 2000) (applying Florida law in granting an award of

statutory fees under Florida Statute § 448.08 in a case brought under the diversity jurisdiction of the Court).

Here, as discussed above, the Court granted default judgment in favor of Plaintiff in the total amount of $3,829,02. Therefore, Plaintiff is the prevailing party in this case and is entitled to an award of attorney's fees under section 216(b) of the FLSA. *See Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Servs.*, 452 F.3d 1254, 1257 (11th Cir. 2006) (stating that "'a prevailing party' is one who has been awarded some relief by the court"). Plaintiff's counsel seeks a total of $21,225 in attorney's fees. This amount consists of $10,612.50 of actual fees incurred during the litigation and the application of a 2.0 enhancement fee multiplier (Doc. 13, ¶¶ 13–18).

### I. Attorney's Fees

After determining a prevailing party's entitlement to fees, the Court must then consider the reasonableness of the amount of fees and costs award. The calculation of attorney's fees under federal fee-shifting statutes is based on the "lodestar" method. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546 (2010). Under this method, courts multiply the reasonable hourly rate by the reasonable hours expended in the litigation. *See Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Hensley v. Eckerhart,* 461 U.S. 424, 433–34 (1983). A final lodestar amount "embodies a presumptively reasonable fee." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1164 (11th Cir. 2017).

In this instance, Plaintiff seeks $10,612.50 in attorney's fees for work performed by two attorneys and a paralegal, as described in the following table:

| Timekeeper | Position | Rate | Time/hours | Fees |
|---|---|---|---|---|
| Jason Imler | Attorney | $350.00 | 28.75 | $10,062.5 |
| Gary Printy | Attorney | $350.00 | 1 | $350 |
| Toni Harrold | Paralegal | $100.00 | 2 | $200 |
| Total: | | | 31.75 | $10,612.5 |

Upon review of Plaintiff's Motion for Default and the supporting evidence, the Court finds that the requested attorney's fees are unreasonable and recommends that attorney's fee be awarded in accordance with the application of the lodestar method as follows.

### A. Reasonable Hourly Rate

A "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth.,* 836 F.2d 1292, 1299 (11th Cir. 1988) (citations omitted). In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *See Norman,* 836 F.2d at 1299. At a minimum, satisfactory evidence consists of more than the affidavit of the attorney performing the work, instead "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id*.

Here, Plaintiff offers no supporting evidence establishing that the hourly rate of $350 is similar to the hourly rate of other attorneys within the local market. No expert testimony or affidavits are offered to support this hourly rate. Further, no evidence is provided to determine whether other attorneys were unwilling or unable to take the case.[1] Given the lack of supporting evidence, the Court shall use its own judgment and expertise to determine the reasonableness of the hourly fee amounts. *See Norman,* 836 F.2d at 1303 (stating that even without any evidence, the court may take into consideration its own expertise and knowledge of the reasonableness of fees and may in fact form an opinion without the aid of witnesses).

Attorney Jason Imler ("Mr. Imler") and attorney Gary Printy Jr. ("Mr. Printy") request an hourly rate of $350. Mr. Imler was admitted to practice law in Florida in 2017, while Mr. Printy was admitted to practice law in 2007.[2] Given Mr. Printy's experience, the Court finds his hourly rate of $350 to be reasonable. Mr. Imler hourly rate, however, far exceeds the prevailing local market rate for someone with his level of experience. The Court finds a reasonable hourly rate for Mr. Imler to be no more than $250. Further, a review of decisions in the Tampa Division awarding attorney's fees in FLSA default cases supports the Court's determination of the reasonable hourly rates in this case. *See Amadi*

---

[1] Plaintiff makes the bare assertions that acceptance of the instant case was especially risky due to the risk of nonpayment; that few other attorneys would undertake this case given the little amount owed to Plaintiff; and that there was no meaningful way to mitigate the risk of nonpayment in this case (Doc. 13, ¶¶13-16).

[2] Plaintiff's failed to provide the Court with evidence regarding her counsel's background and experience. However, the Court takes judicial notice of counsel's Florida Bar admission information, available at https://www.floridabar.org/directories/find-mbr/profile/?num=41956 and https://www.floridabar.org/directories/find-mbr/profile/?num=1004422.

*v. Ace Homecare, LLC,* No. 817CV02191T02JSS, 2019 WL 1392453, at *3 (M.D. Fla. Mar. 28, 2019) (awarding hourly rates between $400.00 and $250.00 to attorneys representing a plaintiff in an FLSA case in which default judgment was granted); *Martinez v. Askins & Miller Orthopaedics*, No. 8:18-CV-2442-T-02CPT, 2019 WL 1117036, at *2 (M.D. Fla. Mar. 11, 2019) (awarding hourly rate of $300 to an attorney representing a plaintiff in an FLSA case in which default judgment was granted); *Lewis v. Florida Default Law Grp., P.L.,* No. 8:10–cv–611–T–30AEP, 2012 WL 252837 (M.D. Fla. Jan. 26, 2012) (awarding $300 per hour to an attorney with approximately twenty years of experience and $200 per hour to an attorney with less than four years of experience in FLSA cases); *Martinez v. Hernando County Sheriff's Off.*, No. 8:12-CV-666-T-27TGW, 2013 WL 6047020, at *2 (M.D. Fla. Nov. 13, 2013), *aff'd,* 579 F. App'x. 710 (11th Cir. 2014) (awarding $300 per hour to an attorney with thirty-eight years of experience in employment law litigation and $125 per hour for associates with less experience).

With respect to paralegal work, "[i]n the expertise of the Court, 'paralegal work in this market is billed at an hourly rate between $75.00 and $125.00 per hour (and higher).'" *Gettes v. Carrollwood Village Exec. Ctr., LLC*, No. 8:16-CV-829-T-23TBM, 2016 WL 6782779, at *2 (M.D. Fla. Oct. 28, 2016), *report and recommendation adopted*, 8:16-CV-829-T-23TBM, 2016 WL 6729750 (M.D. Fla. Nov. 15, 2016).  Therefore, the Court finds an hourly rate of $100 for paralegal work performed by Toni Harrold to be reasonable.

### B.  *Number of Hours Reasonably Expended*

After determining the reasonable hourly rate, courts must then determine the number of hours reasonably expended on the litigation. In submitting a fee petition,

counsel must exercise proper billing judgment and thus exclude any hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Norman,* 836 F.2d at 1301. Further, if a court determines that the number of hours is unreasonably high, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Hensley*, 461 U.S. at 436–37. *See also Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) (approving across-the-board percentage cut to either the total number of hours claimed or to the lodestar amount).

Here, the Court finds that the number of hours expended in the litigation is excessive. Plaintiff contends that a total of 31.75 hours of legal work were expended in this case. A review of similar cases filed in the Middle District of Florida, however, shows that the number of hours normally expend in an FLSA default case falls in the range of six to twenty hours of legal work. *See Amadi*, 2019 WL 1392453 at *3 (finding that 20 hours of legal work litigating an FLSA default case were reasonable); *Martinez*, 2019 WL 1117036, at *2 (finding that 17.5 hours of attorney and paralegal work in an FLSA default case was reasonable); *Valentin v. Castillo Paint & Collision Shop, Inc.*, No. 8:16-CV-967-T-23TGW, 2016 WL 6868175, at *5 (M.D. Fla. Oct. 31, 2016), *report and recommendation adopted,* 8:16-CV-967-T-23TGW, 2016 WL 6822647 (M.D. Fla. Nov. 18, 2016) (finding that 11 hours expended in all aspect of the litigation in an FLSA default case were reasonable); *Thompson v. Healthy Home Envtl., LLC*, No. 8:15-CV-2905-T-27JSS, 2016 WL 4472991, at *5 (M.D. Fla. July 27, 2016), *report and recommendation adopted,* 8:15-CV-2905-T-27JSS, 2016 WL 4473162 (M.D. Fla. Aug. 23, 2016) (finding that 13.8 hours of

7

attorney's work in an FLSA default case was reasonable); *Butdorf v. SC Maint., Inc.*, No. 8:15-CV-916-T-23TGW, 2015 WL 9694516, at *3 (M.D. Fla. Dec. 7, 2015), *report and recommendation adopted,* 8:15-CV-916-T-23TGW, 2016 WL 112372 (M.D. Fla. Jan. 11, 2016) (finding that 6.4 hours of legal work expended in all aspect of the litigation in an FLSA default case were reasonable). This is not a complex case. It is a straight forward FLSA case in which Plaintiff prevailed by default judgment. After reviewing the billing record, the Court finds that a total of 17 hours of attorney and paralegal work expended in the litigation is reasonable.

Having calculated the reasonable hourly rates and reasonable number of hours expended in this litigation, the Court recommends a total award of attorney's fees in the amount of $4,050 as follows:

| Timekeeper | Position | Rate | Time/hours | Fees |
|---|---|---|---|---|
| Jason Imler | Attorney | $250 | 14 | $3,500 |
| Gary Printy | Attorney | $350 | 1 | $350 |
| Toni Harrold | Paralegal | $100 | 2 | $200 |
| Total: | | | 17 | $4,050 |

### C. Contingency Fee Multiplier

Next, the Court must evaluate whether the application of a fee multiplier is proper in this case. Plaintiff contends that she should be entitled to a fee multiplier of 2.0 because there was no way for her attorneys to mitigate the risk of nonpayment and there were very few attorneys in the area willing to accept the case (Doc. 13, ¶¶13–17).[3]

---

[3] To support her request for the application of a contingency fee multiplier, Plaintiff relies in *Joyce v. Federated National Insurance Company,* 228 So. 3d 1122 (Fla. 2017). In *Joyce,* the Florida Supreme Court held that the use of fee multipliers was appropriate in Florida and

8

Contingency fees enhancements to an attorney's fee award under a fee-shifting statute are not permitted under federal law. *See Houston Specialty Ins. Co. v. Vaughn*, 749 F. App'x. 800, 804 n.4 (11th Cir. 2018) (stating that in cases governed by federal law, the application of a contingency fee multiplier is forbidden); *Glassmire v. Windor S., Inc.*, No. 806-CV-2181-T-30TGW, 2007 WL 3232235, at *4 (M.D. Fla. Oct. 31, 2007) (denying the application of a contingency fee multiplier under the FLSA and stating that a contingency fee multiplier "is no longer permissible to enhance for a contingency fee arrangement"). Given that the FLSA is a fee shifting statute, Plaintiff's request for the application of a contingency fee multiplier in this case has no legal basis.

Further, the application of fee enhancements to a lodestar amount under federal law is only proper in "rare" and "exceptional" circumstances. *Perdue,* 559 U.S. at 552. As discussed above, this is a straight forward FLSA case that was determined by a ruling on a motion for default judgment. The Court finds no "rare" and "exceptional" circumstances to grant the application of a fee enhancement in this case. Therefore, it is recommended that Plaintiff's request be denied.

## II.  Costs

The costs recoverable by a prevailing plaintiff in FLSA cases under section 216(b) are limited to those costs enumerated in 28 U.S.C. § 1920. *See Glenn v. Gen. Motors Corp.,* 841 F.2d 1567, 1575 (11th Cir. 1988). Here, Plaintiff seeks to recover costs associated with filing fees and service of process fees. These costs are properly recoverable under

---

that no "rare" and "exceptional" circumstances were required before a contingency fee multiplier is applied. *Id*. at 1135. As previously addressed, however, Florida law is not applicable.

section 1920. *See* 28 U.S.C. § 1920(1). While Plaintiff requests costs in the amount of $480 (Doc. 13 at 5),[4] the evidence provided by Plaintiff only supports an award of $440 (Docs. 13-4 & 13-5). Therefore, it is recommended that costs be awarded in the amount of $440. Accordingly, it is hereby

RECOMMENDED

Plaintiff's request for attorney's fees and costs included in her Motion for Default Judgment (Doc. 13) be granted in part in the amount of $4,490 as follows:

1. Plaintiff be awarded attorneys' fees in the amount of $4,050;
2. Plaintiff's request for the application of a fee multiplier be denied; and
3. Plaintiff be awarded costs in the amount of $440.

IT IS SO REPORTED in Tampa, Florida, on May 2, 2019.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[4] This amount appears to be attributable to a clerical error.

**NOTICE TO THE PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

    cc:    Hon. Mary S. Scriven
              Counsel of record.